THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR19-0247-JCC |
| Plaintiff, | ORDER |
| v. | |
| MATTHEW R. SCHLEY, | |
| Defendant. | |

This matter comes before the Court on Defendant's motion for compassionate release (Dkt. No. 93). Having thoroughly considered the parties' briefing and the relevant record, the Court hereby DENIES Defendant's motion for compassionate release (Dkt. No. 93) for the reasons explained herein.

I.   BACKGROUND

Defendant is currently serving a 30-month sentence at Mendota FCI, (Dkt. No. 98 at 3), following a 2020 guilty plea for one count of felon in possession of a firearm. (Dkt. No. 61 at 1.) Defendant filed a motion for compassionate release (Dkt. No. 93), asserting that a sentencing error in a previous case and medical considerations are sufficiently extraordinary and compelling reasons to justify reducing his present sentence under 18 U.S.C. § 3582(c)(1). (*See generally* Dkt. Nos. 93, 99.)

## II.  DISCUSSION

### A.  Legal Standard

In analyzing whether a defendant is entitled to compassionate release, a court must determine whether a defendant has satisfied the following requirements: (1) the defendant has exhausted administrative remedies with the Bureau of Prisons ("BOP"), (2) "extraordinary and compelling reasons warrant such a reduction," (3) and "that such reduction is consistent with applicable policy statements issued by the Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A). The court must also consider "the factors set forth in § 3553(a) to the extent that they are applicable." *Id.* Defendant bears the burden of making this showing. *United States v. Holden*, 452 F. Supp. 3d 964, 969 (D. Or. 2020). The Ninth Circuit has held that the current version of the U.S. Sentencing Guidelines Manual §1B1.13 is not applicable to motions for compassionate release presented to a district court under the First Step Act of 2018 and therefore it is not binding, but may inform the Court's exercise of discretion. *United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021).

### B.  Exhaustion

The first step in the exhaustion process for any inmate is to submit a compassionate release request to the warden. 18 U.S.C. § 3582(c)(1)(A). If at least 30 days have lapsed since the inmate submitted his request to the warden and the BOP has failed to respond, then the inmate may file a motion in federal court and the court "may reduce the term of imprisonment." *Id.*

The parties disagree over whether Mr. Schley has met this threshold requirement. The Bureau of Prisons ("BOP") denies that he commenced the administrative relief process. (Dkt. No. 98 at 4.) Mr. Schley claims he presented a request for a reduced sentence to the warden and waited 31 days before seeking relief from the Court. (Dkt. No. 93 at 3.) Mr. Schley further claims that he requested copies of his requests from BOP but has not received them. (Dkt. No. 99 at 3.) Defense counsel asserts that Mr. Schley confirmed via e-mail that he had initiated multiple requests in July 2021. (*Id.*; *see also* Dkt. No. 99 at 2–3.) Counsel provides that Mr. Schley confirmed to counsel on July 30, 2021 that he had initiated a request "first through his case

manager, who would not supply him with a form, then via an e-mail to the warden, and then, at the advice of his case manager, via a handwritten request to the warden sent on July 23." (Dkt. No. 99 at 2–3.) Assuming that Mr. Schley requested compassionate relief from the warden on or around July 23, 2021, as he asserts through counsel, more than thirty days have since passed, and the BOP has not responded to his request.

In similar situations, courts have found that such a representation from the defendant is credible and sufficient to satisfy § 3582(c)(1)(A)'s exhaustion requirement. *See, e.g.*, *United States v. Kazanowski*, 2020 WL 3578310, slip op. at 4, n.11 (D. Haw. 2020) (finding because defense counsel's sworn declaration indicated that the statutory 30-day response period passed with no response from the warden, defendant had exhausted his administrative relief); *United States v. Richardson*, 2020 WL 3402410, slip op. at 2 (E.D. Cal. 2020) (noting "the BOP has—on several occasions—incorrectly represented the status of inmates' exhaustion efforts").

The Court accepts Mr. Schley's representations and FINDS that he has exhausted his administrative relief under § 3582(c)(1)(A) for the purposes of this motion.

### C.     Extraordinary and Compelling Reasons

#### I.     Previous Sentence

Defense counsel contends while reviewing Mr. Schley's case for his now-dismissed appeal, she discovered that in a previous case, *United States v. Schley*, CR07-5414-RBL (W.D. Wash. 2001), the Court imposed a 24-month sentence which should have been no more than 21 months. (*See* Dkt. No. 93 at 1–2.) Upon defense counsel's unopposed motion, the Court amended the judgment to correct this error, resulting in Mr. Schley's release after 21 months. (Dkt. No. 98 at 7–8; *see also* CR07-5414-RBL, Dkt. Nos. 34, 37 at 2.) Mr. Schley argues while his sentence was not "illegal," it still resulted in him serving two more months than he ordinarily would have.[1] (Dkt. No. 99 at 3–4.)

---

[1] The parties disagree over whether Mr. Schley actually served an additional two months. (*Compare* Dkt. No. 99 at 3–4, *with* Dkt. No. 98 at 8.)

But even if Mr. Schley served two additional months in custody, he does not provide authority where compassionate release has been used in a present sentence to "correct" a previous sentence for a separate crime. (*See* Dkt. No. 93 at 4–7.) He concedes the sentence that he ultimately served was not beyond the statutory maximum, as it was timely modified by the Court. (Dkt. No. 99 at 3–4.) Further, the presentence investigation report in the present matter noted Mr. Schley's claim, meaning the Court was aware of it at sentencing. (Dkt. No. 98 at 10.) The Court's initial sentencing error in Mr. Schley's previous case is not a sufficiently extraordinary and compelling reason to warrant the relief sought in this matter.

## II.     Medical Conditions

Medical conditions may represent extraordinary and compelling reasons if an inmate "suffer[s] from a serious physical or medical condition . . . that substantially diminishes the [defendant's] ability . . . to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13 cmt. n.1(A). This can include health conditions that make an inmate significantly more vulnerable to COVID-19. *See United States v. Cosgrove*, 454 F. Supp. 3d 1063, 1067 (W.D. Wash. 2020); *United States v. Dorsey*, 461 F. Supp. 3d 1062, 1065 (W.D. Wash. 2020).

Here, Defendant asserts that he suffers from Hepatitis-C and that "[w]ith the emergence and spread of the Delta variant, BOP inmates like Mr. Schley continue to be at risk." (Dkt. No. 93 at 8.) He provides no authority to support his early release on these grounds. The Centers for Disease Control and Prevention ("CDC") has not specifically identified Hepatitis-C as a disease that potentially increases Defendant's risk of severe illness from COVID-19.[2] Defendant also states that he previously tested positive for COVID-19 while in BOP custody. (Dkt. No. 93 at 8.) At the time, he had already contracted Hepatitis-C. (*Id.*) Nevertheless, he recovered from his

---

[2] *See* CENTER FOR DISEASE CONTROL AND PREVENTION, "People with Certain Medical Conditions," *available at* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html.

COVID-19 infection. Therefore, his personal experience would suggest that his Hepatitis-C does not elevate his risk of serious illness from the infection.[3]

Accordingly, Defendant has failed to meet his burden of establishing that extraordinary and compelling reasons warrant release. Therefore, the Court need not consider whether Defendant meets the remaining requirements for release.

### III. CONCLUSION

For the foregoing reasons, the Court DENIES Defendant's motion for compassionate release (Dkt. No. 93).

DATED this 19th day of October 2021.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

---

[3] It is consistent with this Court's precedent to find that absent a specific showing that the defendant themselves remains susceptible to reinfection, a previous diagnosis of COVID-19 cuts against a finding of extraordinary and compelling reasons. *See, e.g.*, *United States v. Christensen*, 2020 WL 5982104, slip op. at 3 (W.D. Wash. 2020).