THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| UNITED STATES OF AMERICA, | CASE NO. CR19-0247-JCC |
|---|---|
| Plaintiff, | CASE NO. CR22-0166-JCC |
| v. | ORDER |
| MATTHEW SCHLEY, | |
| Defendant. | |

This matter comes before the Court on Defendant's motions for temporary release to attend his grandmother's funeral (Dkt. No. 141; *see also United States v. Matthew Schley*, CR22-0166-JCC, Dkt. No. 39). Having thoroughly considered the briefing and record before the Court, and for the reasons set forth below, the Court DENIES the motions.

I.  BACKGROUND

Defendant pled guilty in 2020 to one count of felon in possession of a firearm, (Dkt. No. 61 at 1). He was sentenced to 30 months of custody, (Dkt. No. 79), and he began his term of supervised release on December 2, 2021 (Dkt. No. 102). While housed at a residential reentry center, he allegedly assaulted another resident, and the Court subsequently issued a warrant for his arrest. (*Id*.) Defendant was arrested on April 16, 2022, and in a search incident to arrest, he was found carrying illicit drugs and other contraband. (CR22-0166, Dkt. No. 1.) At his initial appearing on the supervised release violations, Defendant stipulated to detention. (Dkt. No. 107.)

ORDER CR19-0247-JCC
PAGE - 1

He was subsequently charged with one count of possession with intent to distribute. (CR22-0166, Dkt. No. 17.) He again stipulated to detention. (CR22-0166, Dkt. No. 9.) Trial is currently scheduled for December 4, 2023. (CR22-0166, Dkt. No. 45.)

Now, Defendant requests temporary leave from detention to attend a memorial service for his father which will take place on April 15, 2023. (Dkt. No. 141; CR22-0166-JCC, Dkt. No. 39.)

## II. DISCUSSION

Temporary release may be granted if the Court determines that release is "necessary for preparation of the person's defense or for another compelling reason." 18 U.S.C. § 3142(i). A defendant bears the burden of establishing circumstances warranting temporary release. *United States v. Terrone*, 454 F. Supp. 3d 1009, 1018 (D. Nev. 2020). The original grounds for detention remain a factor in the court's analysis. *United States v. Rhule*, 2021 WL 63250, slip. op. at 4 (W.D. Wash. 2021). And, in any case, the relief authorized by § 3142(i) is to be used "sparingly." *United States v. McKnight*, 2020 WL 1872412, slip op. at 2–3 (W.D. Wash. 2020).

The Court recognizes the challenging circumstances presented by the death of Defendant's father, and his understandable desire to be present with his family at the family gathering. However, the Court must continue to consider the factors that warranted Defendant's detention. (*See* Dkt. Nos. 107, 109.) None of those circumstances have changed.

Defense counsel asserts that "[t]he memorial service for a father is the type of situation that is best described as a "compelling reason" for temporary release" (Dkt. No. 141 at 3 (quoting 18 U.S.C. § 3142(i)).) But Defendant has repeatedly failed to comply with his conditions of supervised release. (CR22-0166-JCC, Dkt. 9 at 2.) He has failed to appear when required, violated the terms of supervised release, and continued to demonstrate an unwillingness to abide by lawful behavior. (*Id.*) Therefore, the Court is not reassured. While Defendant's brother has offered to support his temporary release as a third-party designated custodian, (Dkt. No. 141 at 3), this measure cannot sufficiently mitigate the risks presented by Defendant in terms of both danger to the community and risk of nonappearance.

## III.  CONCLUSION

For the foregoing reasons, Defendant's motions for temporary release from custody (Dkt. No. 141; CR22-0166-JCC, Dkt. No. 39) are DENIED.

DATED this 11th day of April 2023.

*[signature]*

John C. Coughenour
UNITED STATES DISTRICT JUDGE